FILED
U.S. DISTRICT COURT
           DIV.
2012 SEP 18 PM 3: 29
CLERK _____
       SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LARRY JOSEPH TANNER,

   Petitioner,

v.              CIVIL ACTION NO.: CV512-036

BRUCE CHATMAN, Warden, and
SAM OWENS, Attorney General,

   Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Larry Joseph Tanner ("Tanner"), an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tanner named Bruce Chatman, the Warden at Georgia State Prison, and Samuel Olens, the Georgia Attorney General, as Respondents. Olens filed a Motion to Dismiss, asserting that he is an improper Respondent, to which Tanner filed a Reply. Chatman filed a Motion to Sever and Dismiss Grounds One, Two, and Three of Tanner's petition, asserting that Tanner's first three grounds for relief are time barred, to which Tanner filed a Reply. Chatman contends that Tanner's fourth ground for relief should be denied. For the following reasons Olens' Motion to Dismiss should be **GRANTED**, Chatman's Motion to Sever and Dismiss should be **GRANTED**, and the remainder of Tanner's petition, ground four, should be **DENIED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

On July 17, 2007, in the Superior Court of Coffee County, Georgia, Tanner pled guilty to one count of violating the Georgia Controlled Substances Act. (Doc. No. 6-1, p. 1). Tanner was sentenced to ten years' imprisonment, suspended upon a general condition of banishment from the Waycross, Alapaha, Brunswick, and Tift Judicial Circuits. (Id.). Coffee County, Georgia, is located in the Waycross Judicial Circuit. (Doc. No. 6-1, p. 3).

On or about September 16, 2007, Tanner was arrested in Coffee County, Georgia, for an unrelated misdemeanor offense. (Id.). Based on this violation of the banishment provision in his July 17, 2007, suspended sentence, the State of Georgia issued a Petition for Revocation of Suspended Sentence which was before the Superior Court of Coffee County on September 25, 2007. (Id.). On October 2, 2007, the Superior Court of Coffee County issued an Amended Final Disposition revoking Tanner's full suspended sentence and ordering Tanner to serve ten years' imprisonment. (Doc. No. 6-1, p. 2). On March 17, 2008, nunc pro tunc September 25, 2007, the Superior Court of Coffee County issued an Amended Order revoking only twenty-four months of Tanner's suspended sentence, as opposed to the full ten years. (Doc. No. 6-1, pp. 3–4). That Amended Order also stated that Tanner would receive credit on the twenty-four month term of incarceration from the date of the violation of the banishment condition, September 16, 2007. (Doc. No. 6-1, p. 4). The Amended Order further stated that "[u]pon the expiration of the term of incarceration, the balance of the sentence shall again stand suspended on the condition that [Tanner] be banished from the following Circuits—Waycross, Alapaha, Brunswick & Tift." (Id.). On June 25, 2008,

2

the Superior Court of Coffee County issued an Amended Final Disposition sentencing Tanner to ten years' imprisonment to be served on probation with the same banishment provision a special condition of probation. (Doc. No. 6-1, p. 5).

On November 18, 2009, the State of Georgia issued a Petition for Revocation of Probation based on Tanner's alleged violation of the special condition of probation banishing him from the Waycross, Alapaha, Brunswick, and Tift Judicial Circuits. (Doc. No. 4, pp. 13–14). On January 7, 2010, the Superior Court of Coffee County revoked Tanner's probation and ordered him to serve the balance of his sentence, roughly seven years and six months, in prison. (Doc. No. 4, p. 14).

On May 16, 2012, Tanner filed the instant petition asserting four grounds for relief. In ground one, Tanner claims that his due process rights were violated because he has not received appropriate credit toward his July 17, 2007, sentence. In ground two, Tanner claims that his due process rights were violated because the September 25, 2007, finalized October 2, 2007, suspended sentence revocation was void. In ground three, Tanner claims that his due process rights were violated because on June 25, 2008, his "sentence [was] enhanced without him being present in court or without him ever being served or informed of the changes to his sentence." (Doc. No. 1, p. 6). In ground four, Tanner claims that the lawyer who represented him in the January 7, 2010, probation revocation hearing was ineffective.

## DISCUSSION AND CITATION OF AUTHORITY

### I. Olens' Motion to Dismiss

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C.

§ 2242; citing 28 U.S.C. § 2243) (second alteration in original). "[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435 (citations omitted). Consequently, Olens is an improper Respondent, and his Motion to Dismiss should be **granted**.

**II. Chatman's Motion to Sever and Dismiss Grounds One, Two, and Three**

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions by a person in custody pursuant to a judgment of a state court. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C.A. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> (A) the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

AO 72A
(Rev. 8/82)

The applicable statute of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2). In order to toll the statute of limitation, the properly filed application for state post-conviction or other collateral review must be filed before the AEDPA statute of limitation has run. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled") (internal punctuation and citations omitted).

The applicable statute of limitation can also be equitably tolled. Equitable tolling is "an extraordinary remedy which is typically applied sparingly[.]" Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) (citation omitted). Equitable tolling is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Id. (citation omitted) (emphasis in original). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. (citations omitted).

Tanner entered his guilty plea on July 17, 2007. (Doc. No. 6-1, p. 1). The last Amended Final Disposition for Tanner's conviction was issued on June 25, 2008. (Doc. No. 6-1, p. 5). Under § 2244(d)(1)(A), Tanner's conviction became final thirty days later, on July 25, 2008, when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-5-38 expired. Tanner had until July 24, 2009, to file a petition pursuant to § 2254 or to toll the statute of limitation by filing a state collateral attack. He did neither. Tanner filed his state habeas petition on June 7, 2010, more than 10 months after the § 2254 statute of

limitation expired. (Doc. No. 29-1). Because the state habeas petition was filed after the § 2254 statute of limitation expired, there was no time remaining to toll. Tanner filed the instant petition on May 16, 2012. (Doc. No. 1). The first three grounds of Tanner's petition, which challenge his 2007 conviction and suspended sentence, the 2007 revocation of suspended sentence, and the 2008 amended final disposition reflecting the 2007 revocation of suspended sentence and other alterations, are time barred unless equitable tolling applies.

Tanner argues, in his Reply to Chatman's Motion to Sever and Dismiss Grounds One, Two, and Three, that equitable tolling applies to those claims.[1] Tanner asserts that he was not served the June 25, 2008, Amended Final Disposition until November 24, 2009; he argues that this is an extraordinary circumstance that warrants equitable tolling. Assuming, without deciding, that a delay in receiving his amended conviction is an extraordinary circumstance, Tanner has not shown that the delay was unavoidable even with diligence. In Drew, the Court of Appeals for the Eleventh Circuit stated that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filling a timely federal habeas corpus petition." Drew, 297 F.3d at 1288. The court ultimately decided that even assuming a lengthy delay in receiving a necessary order, "Drew has provided no evidence supporting his claim that he repeatedly attempted to ascertain the status of his case from the Clerk's office, a burden necessary to sustaining his claim of

---

[1] Tanner intertwines his equitable tolling argument with an argument that the statute of limitation should not have begun to run until November 24, 2009, under § 2244(d)(1)(B). Tanner has not shown that a delay in service of an amended conviction or sentence is a violation of the Constitution or laws of the United States; therefore, such a delay does not constitute an impediment for the purpose of § 2244(d)(1)(B).

AO 72A
(Rev. 8/82)

extraordinary circumstances." Id. Assuming that a delay in receiving the June 25, 2008, Amended Final Disposition is an extraordinary circumstance, Tanner must still show that he diligently attempted to ascertain the status of that amendment. Tanner has submitted no evidence showing that he attempted to ascertain the status of his case following the June 25, 2008, amendment. As a result, Tanner has not met his burden of establishing entitlement to the extraordinary remedy of equitable tolling.

Tanner filed the instant petition after the expiration of the applicable statute of limitation as to grounds one, two, and three. Those grounds are not entitled to statutory or equitable tolling. Therefore, Chatman's Motion to Sever and Dismiss Grounds One, Two, and Three should be **granted**.

### III. Ground four of Tanner's petition

Tanner's fourth ground in support of his § 2254 petition, an ineffective assistance of counsel claim, reads as follows: "my attorney Keith Harkleroad did not appeal my case and did nothing when the court sentenced me to 7 years 3 month [sic] in prison when I'd never been served or informed of the special conditions."[2] (Doc. No. 1, p. 6). Respondent interpreted Tanner's statement as two separate ineffective assistance claims: (1) that Tanner's attorney "did not appeal [his] case" and (2) that Tanner's attorney did nothing when "the court" sentenced him "when [he had] never been served or informed of the special conditions."

Respondent correctly points out that Tanner did not bring the first enumeration of error, that Harkleroad "did not appeal [his] case," in his state habeas petition. "Before a

---

[2] A reading of Tanner's state court habeas petition, taken together with an "exhibit" submitted in the instant petition, (Doc. No. 4, pp. 13–14), and the decision of the state habeas court, shows that Keith B. Harkleroad represented Tanner during his January 7, 2010, revocation of probation. Respondent has not argued that this ground for relief is untimely, and it appears timely to the Court.

7

federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); See also 28 U.S.C. § 2254(b)(1). Because Tanner did not give the state courts an opportunity to act on this argument in support of his ineffective assistance of counsel claim, this Court is barred from reviewing the merits of that argument.

Tanner brought the second enumeration of error, that Harkleroad did nothing when "the court" sentenced him "when [he had] never been served or informed of the special conditions," in his state habeas petition. Respondent contends that the decision of the state habeas corpus court, which was that this alleged enumeration of error by counsel lacked merit, should be given deference.

The AEDPA, which governs this case, sets forth the deference to be afforded to a state court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under § 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the state court adjudicated the petitioner's claim. Williams v.

Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the state court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A state court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Id. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313 (internal punctuation and

9

citations omitted). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689–90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

The state habeas court applied Strickland to Tanner's ineffective assistance of counsel claim. (Doc. No. 29-2, pp. 7–8). In finding that Harkleroad's performance was not deficient, the court stated, "[Tanner] has offered no evidence to show that counsel knew that [Tanner] had never been advised of the special conditions of his sentence and failed to make the trial court aware of same. To the contrary, the record shows that counsel was advised by his boss that [Tanner] had been advised regarding his special conditions." (Doc. No. 29-2, p. 8). Tanner has not argued that the state habeas corpus court's adjudication on his ineffective assistance of counsel claim was contrary to or an unreasonable application of clearly established federal law, and the Court finds no basis for so holding. Additionally, Tanner has not argued that the state habeas corpus court's decision was based on an unreasonable determination of the facts in light of the

AO 72A
(Rev. 8/82)

evidence presented, and the Court finds no basis for so holding. Consequently, ground four of Tanner's § 2254 petition should be **denied**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Olens' and Chatman's Motions to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that the remaining portion of Tanner's petition, ground four, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)