IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LARRY JOSEPH TANNER,

    Petitioner,

v.

BRUCE CHATMAN, Warden, and
SAM OWENS, Attorney General,

    Respondents.

CIVIL ACTION NO.: CV512-036

## ORDER

Petitioner Larry Joseph Tanner ("Tanner") filed Objections to the Magistrate Judge's Report dated September 18, 2012. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Tanner argues that the Magistrate Judge erred in determining that the first three grounds of his § 2254 petition are time-barred. Specifically, Tanner argues that equitable tolling should apply.

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions by a person in custody pursuant to a judgment of a state court. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). According to

AO 72A
(Rev. 8/82)

the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> (A) the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The applicable statute of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The applicable statute of limitation can also be equitably tolled. Equitable tolling is "an extraordinary remedy which is typically applied sparingly[.]" Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) (citation omitted). Equitable tolling is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Id. (citation omitted) (emphasis in original). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. (citations omitted).

The Magistrate Judge determined that, under § 2244(d)(1)(A) and O.C.G.A. § 5-5-38, Tanner's conviction became final on July 25, 2008, thirty days after the last Amended Final Disposition for Tanner's conviction was issued. (Doc. No. 34, p. 5). As

2

a result, the limitations period applicable to filing a § 2254 petition expired on July 24, 2009. (Id.). Tanner argued, in his Reply to Chatman's Motion to Sever and Dismiss Grounds One, Two, and Three of Tanner's petition, that equitable tolling applies to those claims because he did not receive the June 25, 2008, Amended Final Disposition until November 24, 2009.[1] (Doc. No. 34, p. 6). The Magistrate Judge determined that, "[a]ssuming, without deciding, that a delay in receiving his amended conviction is an extraordinary circumstance, Tanner has not shown that the delay was unavoidable even with diligence". Therefore, equitable tolling did not apply. (Id.).

Tanner argues, in his Objections, that because he "had no ideal [sic] that his sentence had been changed again" equitable tolling should apply, according to the holding in Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002). (Doc. No. 37, p. 3). In Knight, the Court of Appeals for the Eleventh Circuit held that equitable tolling applied to Knight's § 2254 petition because, due to circumstances beyond Knight's control, Knight did not know that the disposition of his state habeas petition was final and because Knight was diligent in ascertaining the status of that petition. Knight, 292 F.3d at 711. Tanner's case is distinguishable.

With regard to Tanner's assertion that he had no knowledge of the June 25, 2008, Amended Final Disposition until November, 24, 2009, the Superior Court of Dodge County, in its final order for Tanner's state habeas corpus petition, wrote the following:

> A copy of this Amended Final Disposition which is part of the record of this case indicates that it was served on [Tanner] on November 24, 2009[.] . . . However, the record also contains a letter written by [Tanner] to the Clerk of Superior Court of Coffee County dated June 27, 2008, requesting that she send him everything that had been filed in his case since the

---

[1] Tanner filed a state habeas petition on June 7, 2010. (Doc. No. 34, p. 5).

3

> beginning of April 2008, as well as a letter written by the Clerk to [Tanner] on July 9, 2008, with which was enclosed a copy of the Amended Final Disposition filed on June 25, 2008. . . . Respondent tendered into evidence in this matter an affidavit from the Clerk of Superior Court of Coffee County in which she stated that her office mailed copies of the documents requested by [Tanner] to him at the address he provided in his letter of June 27, 2008, including the Amended Final Disposition at issue, and that the file she maintains on this criminal case does not indicate that the documents were returned to her office by the United States Postal Service. . . . Other than his own self-serving testimony, [Tanner] has failed to offer any evidence to show that he did not receive a copy of this document from the Clerk of Superior Court of Coffee County when she mailed it to him on July 9, 2008.

(Doc. No. 29-2, p. 6). Furthermore, Tanner had received an original Final Disposition when his sentence was first issued on July 17, 2007, and an Amended Final Disposition when his sentence was amended on October 2, 2007. (Doc. No. 34, p. 2). Tanner had also received an Amended Order, dated March 17, 2008, amending the October 2, 2007, Amended Final Disposition. (Id.). Based on his previous receipt of the Final Disposition and the first Amended Final Disposition, Tanner should have known that an Amended Final Disposition would be entered following the March 17, 2008, Order amending the October 2, 2007, Amended Final Disposition. Even if Tanner was not formally served with the June 25, 2008, Amended Final Disposition until November 24, 2009, Tanner either did know, or should have known, of its existence. As a result, Tanner has not met his burden of establishing entitlement to the extraordinary remedy of equitable tolling. Tanner filed the instant petition after the expiration of the applicable statute of limitation as to grounds one, two, and three. Petitioner is not entitled to the benefits of statutory or equitable tolling.

In his Objections, Tanner also argues that the Magistrate Judge erred in determining that the remaining portion of Tanner's petition should be denied. Tanner's

fourth ground in support of his § 2254 petition, an ineffective assistance of counsel claim, reads as follows: "my attorney Keith Harkleroad did not appeal my case and did nothing when the court sentenced me to 7 years 3 month [sic] in prison when I'd never been served or informed of the special conditions."[2] (Doc. No. 1, p. 6). The Magistrate Judge interpreted this as two separate ineffective assistance claims: (1) that Tanner's attorney "did not appeal [his] case" and (2) that Tanner's attorney did nothing when "the court" sentenced him "when [he had] never been served or informed of the special conditions." The Magistrate Judge correctly determined that because Tanner did not bring the first enumeration of error, that Harkleroad "did not appeal [his] case," in his state habeas petition, that enumeration of error is barred from review by this Court. Additionally, as to the second enumeration of error, the Magistrate Judge correctly deferred to the decision of the state habeas court.

Finally, in his Objections, Tanner states that he "did infact [sic] state a new claim, on the sentence the Superior Court of Coffee County placed on him on January 7th 2010 when [he] was sentenced to Banishment on parole, This alone made the January 7th 2010 sentence void, and this claim of a void sentence can be brought up at anytime [sic] under O.C.G.A. 17-9-4 in any court. But yet the Attorney General has not addressed this claim at all." (Doc. No. 37, p. 6). Tanner did not allege in his § 2254 petition that the January 7, 2010, probation revocation was void. Therefore, the Court will not entertain that argument.

Tanner's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate

---

[2] A reading of Tanner's state court habeas petition, taken together with an "exhibit" submitted in the instant petition, (Doc. No. 4, pp. 13–14), and the decision of the state habeas court, shows that Keith B. Harkleroad represented Tanner during his January 7, 2010, revocation of probation.

Judge is adopted as the Opinion of the Court. Respondents' Motions to Dismiss are **GRANTED**, and grounds one, two, and three of the petition are **DISMISSED**. Ground four of Tanner's 28 U.S.C. § 2254 petition is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 2 day of October, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA